IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VICKI NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No: 02-2321-JPO |
| ) | |
| AMHOF TRUCKING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff Vicki Newton, by and through her attorneys, moves the court in limine to exclude any evidence of alleged comments that decedent Robert Newton made to intervenor Christopher Newton or others regarding any future plans to operate decedent's trucking company, Robert Newton Trucking, together at some undetermined time. In support of her motion, plaintiff states as follows:

I. **ANY ALLEGED STATEMENT MADE BY DECEDENT CAUSING INTERVENOR TO BELIEVE THAT INTERVENOR WOULD HELP OPERATE ROBERT NEWTON TRUCKING IS INADMISSIBLE HEARSAY**

Any uncorroborated statement allegedly made by decedent Robert Newton concerning the potential, future operation of Robert Newton Trucking is hearsay and not a recognized exception to the hearsay rule. Plaintiff is unaware of any comments or statements that decedent may have made to intervenor concerning the future operations of Robert Newton Trucking and disputes the validity and existence of any statements of that nature. However, plaintiff believes that intervenor will seek to introduce evidence that decedent told intervenor that intervenor and decedent would operate the company

1

together upon intervenor's retirement from the United States Navy. This Court should exclude the testimony as hearsay.

It is axiomatic that testimony is inadmissible hearsay if it is "a statement, other than one made by the declarant testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). A clearer example of inadmissible hearsay could not be found. Intervenor apparently wants to testify about alleged statements made by the decedent concerning operations of Robert Newton Trucking in an effort to show that intervenor expected to operate the company with his father based on statements allegedly made by the decedent. Obviously, intervenor wants to offer these alleged out-of-court statements for the truth of the matter asserted in the statements, *i.e.*, that decedent would bring intervenor into the trucking company. Therefore, the Court should find that any alleged statement concerning future operations of Robert Newton Trucking to which Christopher Newton or others may attempt to testify is hearsay and rule it inadmissible.

II. ALLEGED STATEMENTS WERE NOT VERBAL ACTS BECAUSE THEY DID NOT CHANGE THE LEGAL RELATIONSHIP OF THE PARTIES

Plaintiff assumes that intervenor may attempt to circumvent the inadmissibility of any alleged hearsay statements concerning future operations of Robert Newton Trucking by asserting that the statements were verbal acts and, therefore, admissible as nonhearsay. However, this supposed argument must fail because any alleged statements would not be verbal acts.

Not included within the definition of hearsay are so-called "verbal acts," statements that affect the legal rights of parties or from which legal consequences

2

develop because the words were uttered. *See Echo Acceptance Corp. v. Household Retail Services, Inc.*, 267 F.3d 1068, 1087 (10th Cir. 2001). However, "[t]he verbal acts doctrine applies only where the out-of-court statement actually 'affects the legal rights of the parties, or where "legal consequences flow from the fact that the words were said."'" *Id.* (quoting *U.S. v. Pungitore*, 965 F. Supp. 666, 673 n.1 (E.D. Pa. 1997) (internal citation omitted). In other words, "[o]nly 'utterances by the parties . . . constituting the offer and acceptance *which brought the contract into being*' qualify as verbal acts." *Id.* (quoting *McCormick on Evidence* § 249 (5th ed. 1999) (emphasis in original).

Here, any alleged statement by decedent regarding the operation of Robert Newton Trucking would not qualify as a verbal act because his alleged statement regarding some gratuitous gift possibly to be given in the future would not have bound the decedent and would not, by itself, have changed the relationship of the parties or created legal consequences. The decedent would not have been obligated to honor any alleged statement and, therefore, the alleged statement would not have brought the contract into being. Consequently, any alleged statement to which intervenor may attempt to testify would not qualify as a verbal act and should properly be excluded as hearsay.

### III. THE ALLEGED STATEMENTS WERE NOT A STATEMENT OF DECLARANT'S THEN EXISTING STATE OF MIND BECAUSE ACT WAS NEVER DONE

Plaintiff expects that intervenor may attempt to circumvent the hearsay inadmissibility of the alleged statements of the decedent by arguing that they were statements of decedent's then existing state of mind under FED. R. EVID. 803(3). This argument fails because evidence of this nature is admitted to "prove the doing of the

act intended." *Nobody in Particular Presents, Inc. v. Clear Channel Communications, Inc.*, No. CIV. A. 01-N-1253-BNB, 2004 WL 725464, at *45 (D. Colo. April 2, 2004). This exception to the hearsay rule is intended to prove the performance of an act by admitting evidence of intent to act before the act was performed; it is not intended to be used to prove intent to perform an act that has not yet been performed and may never be performed. *See* FED. R. EVID. 803(3) advisory committee's note. Any alleged statements to which intervenor may attempt to testify could not be admitted to prove the doing of the act intended because decedent never performed the act intended. That is, decedent never brought intervenor into the operations of Robert Newton Trucking. Therefore, evidence in the form of hearsay statements cannot be admitted to prove an act intended pursuant to FED. R. EVID. 803(3) because the act was not performed.

If Christopher Newton or others are allowed to introduce evidence of an out-of-court statement to show then existing state of mind, it would render the hearsay rule utterly meaningless because then any out-of-court statement would be evidence of an existing state of mind and, therefore, admissible under this overly broad interpretation of FED. R. EVID. 803(3). Thus, any attempt to present this hearsay testimony as a statement of a then-existing state of mind must also fail, and the proposed testimony should be excluded.

### IV. INTERVENOR CANNOT MEET KANSAS' HIGH BURDEN OF PROOF FOR INTERACTIONS WITH A DECEDENT

In addition to being inadmissible under federal evidentiary law, any testimony proffered by intervenor concerning alleged statements by decedent cannot meet the high burden of proof for interactions with a since deceased party under Kansas substantive law. "In the absence of a dead man's statute . . . Kansas law imposes a higher burden of

proof on the party attempting to establish a transaction with a person since deceased or otherwise incapacitated." *First Nat. Bankshares of Beloit, Inc. v. Geisel*, 853 F. Supp.1344, 1355 n.11. *See also In re Estate of Countryman*, 457 P.2d 53, 59 (1969). To prove that Christopher Newton had this expectancy, it must be established by "clear, cogent, and convincing evidence." *First Nat. Bankshares of Beloit, Inc.*, 853 F. Supp. at 1355 n.11. Intervenor cannot meet this "higher burden of proof" because he cannot provide any corroboration for the alleged statements of decedent. The only evidence of decedent's statements that intervenor can present are intervenor's own self-serving, uncorroborated testimony, and this testimony in isolation cannot be said to be clear, cogent, and convincing. Thus, any evidence of alleged statements of Robert Newton concerning operating Robert Newton Trucking with intervenor could not meet Kansas' higher burden of proof for transactions with a deceased person and should be excluded.

WHEREFORE, plaintiff prays this Court exclude as hearsay any evidence of intervenor Christopher Newton's belief that he would operate decedent's trucking company at some indefinite future time.

Respectfully submitted,

C. MARSHALL FRIEDMAN, P.C.

By:     /s/ Douglas K. Rush
        DOUGLAS K. RUSH
        Thirteenth Floor
        1010 Market Street
        St. Louis, Missouri 63101
        (314) 621-8400

        and

THE KATZ LAW FIRM, LLC


BY:    /s/ Stephen G. Dickerson
STEPHEN G. DICKERSON
6299 Nall Avenue, Suite 210
Shawnee Mission, Kansas 66202
(913) 312-5038

*ATTORNEYS FOR PLAINTIFF*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April, 2004, a true, correct and complete copy of the foregoing was served upon the following attorneys electronically and via U.S. mail, postage prepaid:


Mr. William P. Coates, Jr.
COATES & LOGAN, LLC
6804 West 107th Street, Suite 250
Overland Park, KS 66212
*Attorneys for Burlington Northern and Santa Fe Railway Company*


Mr. Roger W. Warren
Mr. Jeffrey C. Baker
SANDERS, CONKRIGHT & WARREN, LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, KS 66210
*Attorneys for Defendant Amhof Trucking, Inc.*


Mr. James L. Baker
MERRICK, BAKER & STRAUSS
700 Peck's Plaza
1044 Main Street
Kansas City, MO 64105
*Attorneys for John R. Frantzen*

Jimmy E. Allen, Jr.
LARSON & LARSON, P.C.
11130 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211
*Attorney for Intervenor Chris Newton*

                                        /s/ Stephen G. Dickerson
                                    *ATTORNEY FOR PLAINTIFF*